UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW JOSEPH WEST, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23CV300-PPS/JEM |
| DOUGLAS FAHL, | |
| Defendant. | |

OPINION AND ORDER

Andrew Joseph West, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee has not been paid. (ECF 4.) After reviewing his response (ECF 6), I will proceed to screening under 28 U.S.C. § 1915A. Mr. West is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, I must screen the complaint (ECF 1) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. West is proceeding

without counsel, and therefore I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. West is currently at an Indiana Department of Correction facility serving a criminal sentence. (ECF 5.) While he was detained at the Whitley County Jail awaiting trial, he contacted the Whitley County Clerk to obtain paperwork so that he could file for divorce from his wife. He filled out the paperwork and returned it for filing. His case was opened and on June 15, 2023, Judge Douglas Fahl of the Whitley County Superior Court ordered him to pay a partial filing fee of $25.00 within 20 days. (ECF 1-1.) He was warned that if he did not pay in accordance with the order his case would be dismissed. (*Id.*) He did not pay the fee and his case was dismissed on July 10, 2023.[1] *See West v. West*, No. 92D01-2306-DN-555 (Whitley Sup. Ct. closed July 10, 2023). He claims that Judge Fahl denied him his constitutional right of access to the courts by requiring him to pay this amount within 20 days and then dismissing his case when he did not do so.

Mr. West asks that I "grant" him a "dissolution of marriage." (ECF 1 at 4.) However, I have no subject matter jurisdiction over Mr. West's divorce case, nor do I have the authority to grant him a divorce. *See Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (domestic relations exception to federal jurisdiction "covers a narrow range of domestic relations issues involving the granting of divorce, decrees of alimony, and child custody orders." (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 701-02 (1992)).

---

[1] I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

In addition, Mr. West's claim against the judge is barred by absolute judicial immunity. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). Immunity applies even if the judge acted erroneously as Mr. West claims. *Id.* at 661. If he is asking me to overturn Judge Fahl's orders, I have no authority to do so. The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Kowalski*, 893 F.3d at 995. The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). Therefore, for these several reasons, Mr. West has not stated a plausible claim for relief.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). As outlined above, I cannot grant Mr. West a divorce, nor does he have a viable federal claim against the judge who presided over his divorce case. I find no basis to conclude that if given another opportunity, he could assert a claim for relief consistent with the allegations he has already made under penalty of perjury. It would therefore be futile to permit him to amend.

ACCORDINGLY:

The court DISMISSES this case under 28 U.S.C. § 1915A, and DIRECTS the Clerk to close the case.

SO ORDERED on November 3, 2023.

/s/ Philip P. Simon<br>United States District Judge